UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN M. ALEXANDER, III,
    Plaintiff,

vs.

STATE OF OHIO, et al.,
    Defendants.

Case No. 1:16-cv-1139

Dlott, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Lebanon Correctional Institution, has filed a pro se civil rights complaint against defendants State of Ohio, Captain Mitchell Vance, Officer Allen Fisher, and Lt. James Jones. (Doc. 1-1, Complaint at PageID 15). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on December 19, 2015, he was attacked by defendants Vance, Fisher, Jones, and other officers at the Lebanon Correctional Institution. (Doc. 1-1, Complaint at PageID 16). During the attack, plaintiff claims he was struck in the face and groin repeatedly, resulting in significant injuries. As a result of the injuries sustained during the incident, plaintiff claims he has been told he may never have children, has trouble seeing out of his right eye, and experiences lasting psychological trauma.

For relief, plaintiff seeks monetary and injunctive relief. (*Id.* at PageID 17).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment excessive force claims against defendants Vance, Fisher, and Jones. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, the complaint should be dismissed as to the State of Ohio because the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89,

100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).  The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case.  The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights.  *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976).  Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations.  *Ex Parte Young*, 209 U.S. 123 (1908).  In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983.  *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979).  Therefore, the State of Ohio is immune from suit in this case and should be dismissed as a defendant in this action.

The complaint should also be dismissed as to the Ohio Department of Rehabilitation and Correction (ODRC) to the extent that plaintiff seeks to name the ODRC as a defendant in this action.  (*See* Doc. 1-1, Complaint at PageID 15).  Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983.  *Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983).

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment excessive force claims against defendants Vance, Fisher, and Jones.  Having found that plaintiff's remaining claims fail to state a claim upon which relief may be granted, these claims should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendant State of Ohio be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  The complaint should also be dismissed as to the ODRC to the extent that plaintiff seeks to name the ODRC as a defendant in this action.

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Mitchell Vance, Allen Fisher, and James Jones, as directed by plaintiff, with costs of service to be advanced by the United States.

2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN M. ALEXANDER, III,　　　　　　　　Case No. 1:16-cv-1139
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　Dlott, J.
vs.　　　　　　　　　　　　　　　　　　Bowman, M.J.

STATE OF OHIO, et al.,
　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).